Dr. David FEINBERG, Appellant

v.

Robin KEETON, Appellee

NO. 2014–CA–001656–MR

Court of Appeals of Kentucky.

RENDERED: JUNE 17, 2016; 10:00 A.M.

Brief for Appellant: Matthew T. Lockaby, Lexington, Kentucky

Brief for Appellee: Sebastian M. Joy, Catlettsburg, Kentucky

BEFORE: D. LAMBERT, COMBS, AND VANMETER, JUDGES.

*OPINION*

D. LAMBERT, JUDGE:

Dr. David Feinberg, a psychologist to whom the Carter Circuit Court referred a divorced couple for a child custody evaluation, challenges the denial of his motion to dismiss a malpractice suit brought against him by Robin Keeton, the spouse who eventually lost custody of her two minor children. Dr. Feinberg moved to dismiss the suit on quasi-judicial immunity grounds. After review, we reverse the circuit court's determination that Dr. Feinberg did not enjoy quasi-judicial immunity and further instruct the circuit court to dismiss the suit.

## I. BACKGROUND

Appellee, Robin Keeton, and her former husband, Stephen Yates, were involved in a dispute regarding the custody of their two minor children. The circuit court ordered the parties to undergo a custody evaluation, including psychological testing, with Dr. Feinberg. Dr. Feinberg completed the evaluation over the course of several months in 2011. During this process, Dr. Feinberg interviewed both Keeton and Yates, their children, the children's respective therapists and guardians, and conducted psychological tests. Dr. Feinberg ulti-

mately found that Keeton exhibited signs of "parental alienation" and recommended that the circuit court grant Yates sole custody of the children. Dr. Feinberg issued his findings and recommendation in a report.

Keeton sued Dr. Feinberg for malpractice on February 25, 2014. According to Keeton, Dr. Feinberg provided a false diagnosis regarding his finding of "parental alienation," which caused her to lose custody of her children. Dr. Feinberg moved to dismiss the complaint by arguing that he was entitled to quasi-judicial immunity as a court-appointed custody evaluator. The circuit court denied the motion; this appeal followed.

## II. STANDARD OF REVIEW

■ A trial court's decision to grant a motion to dismiss is only proper if it appears that "the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari–Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL–CIO v. Kentucky Jockey Club,* 551 S.W.2d 801, 803 (Ky.1977). Whether the trial court correctly resolved an issue of immunity, though, is a legal question involving the determination of material facts that is ultimately reviewed *de novo* without deference to the trial court. *Norton Hosps., Inc. v. Peyton,* 381 S.W.3d 286, 290 (Ky. 2012); *Energy & Environment Cabinet, Div. of Forestry, Commonwealth v. Robinson,* 363 S.W.3d 24, 26 (Ky.App.2012).

## III. DISCUSSION

■ We begin by noting that a denial of a motion to dismiss based on immunity is immediately appealable. *Breathitt County Bd. of Educ. v. Prater,* 292 S.W.3d 883, 887 (Ky.2009). It is also clear under the law of this Commonwealth that court-appointed psychologists and custody evalu-

ators are entitled to quasi-judicial immunity as a means to protect the integrity of the judicial process. *J.S. v. Berla,* 456 S.W.3d 19, 24 (Ky.App.2015); *Stone v. Glass,* 35 S.W.3d 827, 830 (Ky.App.2000). In *Stone,* this Court provided the following rationale for extending immunity to these individuals:

> First, if these individuals are subject to suit, they will be much less willing to serve the court in such a capacity. Second, a psychologist who agrees to fill the role of court-appointed evaluator will be less likely to offer the disinterested, objective opinion the court seeks in making such an appointment if he or she is subject to suit.

*Id.* at 830 (internal quotations and citation omitted).

■ Here, the circuit court appointed Dr. Feinberg to give his recommendation as to the parental fitness of Keeton and Yates based on his interviews and psychological tests. Dr. Feinberg served in this capacity and offered his opinion, subject to cross-examination, for the circuit court to consider before making a final custody determination. Therefore, Dr. Feinberg was entitled to quasi-judicial immunity for his services, and the complaint must be dismissed. The decision of the Carter Circuit Court is reversed.

ALL CONCUR.